# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Jesus Perez, Individually and
On Behalf of Himself and All Others
Similarly Situated,**

      **Plaintiff,**

**v.**                                    **Case No. 19-2598-JWL**

**Barrier Compliance Services, LLC,**

      **Defendant.**

## MEMORANDUM AND ORDER

      Plaintiff filed this suit under the Fair Labor Standards Act ("FLSA") seeking a collective action under 29 U.S.C. § 216(b) on behalf of himself and all "field employees" and "field leaders" who were employed by defendant at any point since October 2, 2016.  In November 2020, the parties jointly moved for conditional certification and agreed on the form and substance of a Notice of Collective Action.  The court granted the motion and approved the Notice.  The Notice was sent to putative opt-ins on December 18, 2020.  After the Notice period closed, the parties discovered that certain "field employees" who arguably should have received Notice did not receive Notice because they were not included on the list that defendant had provided to plaintiff for purposes of sending the Notice.  The parties have reached an agreement as to many of these individuals and further agree that the Notice Period should be re-opened for purposes of sending Notice to these individuals.  The parties disagree as to whether Notice should also be sent to 175 current and former employees who the parties refer to as "local field employees."  Highly summarized, plaintiff contends that these local field employees should receive notice because

those employees clearly fit within the class definition set forth in the agreed and approved Notice. Defendant argues that local field employees should not receive notice because they are not similarly situated to plaintiff. The court concludes that Notice should be sent to the 175 local field employees.

The Notice approved by the court, and agreed to by the parties, indicated that current and former "field employees" and "field leaders" were eligible to join the lawsuit if they worked for defendant at any time since October 2, 2016. The Notice described the "main issues" in the lawsuit as whether defendant "paid hourly field employees and field leaders for the time spent traveling that it was required to pay under the law and whether it paid hourly field employees and field leaders for all work performed 'off-the-clock' or away from an assigned jobsite." In its opening paragraph, the Notice states that a former employee sued defendant "alleging it failed to pay employees appropriate overtime pay, including for time spent traveling to assigned jobsite destination cities and for work performed 'off-the-clock' and/or away from an assigned jobsite."

Notice was initially sent to those "field employees" who travel or traveled to other cities to perform work for defendant. Local field employees do not travel to other cities to perform their work and, instead, perform work at a fixed location. Defendant does not seem to dispute that local field employees nonetheless fit within the class definition set forth in the Notice, which plainly encompasses field employees who did not necessarily travel to other cities but nonetheless performed "off the clock" work. This definition comports with the class defined by plaintiff in his complaint, which included not only employees who were required to travel to jobsite destinations, but employees who were "generally categorized as field employees and field leaders" and who were not fully compensated for all hours worked.

2

According to defendant, local field employees should not receive notice of the collective action because they are not similarly situated to plaintiff.  Specifically, defendant contends that there is no evidence that local field employees were victims of the same policy, decision or plan as plaintiff and other field employees.  But at this early stage, plaintiff's substantial allegations, buttressed by the affidavit of Brian Baker, sufficiently show that all field employees, regardless of whether those field employees traveled to destination jobsites or worked locally, were denied overtime under a single policy requiring off-the-clock work, through time shaving; automatic deductions for meal periods; time rounding; and time spent working away from jobsites, regardless of whether those sites were local or distant.  *See Pierce v. Wyndham Vacation Resorts, Inc*., 922 F.3d 741, 746 (6th Cir. 2019) (district court did not abuse discretion in treating all employees as similarly situated where the essential claim was that employer "required them to work off the clock and altered their recorded hours in an effort to avoid paying overtime); *Monroe v. FTS USA, LLC*, 860 F.3d 389, 402 (6th Cir. 2017) (cable technicians in various locations were similarly situated by single time-shaving policy); *Abukar v. Reynolds Machine Co*., 2019 WL 6896154, at *3 (E.D. Wisc. Dec. 18, 2019) (granting conditional certification where employees in a wide variety of jobs were all subject to unlawful rounding policy); *In re Bank of Am. Wage & Hour Lit*., 286 F.R.D. 572, 586 (D. Kan. 2012) (plaintiffs met burden for conditional certification of collective action where they alleged widespread though varied off-the-clock work).

In such circumstances, and consistent with the lenient "similarly situated" standard endorsed by the Circuit, the court concludes that local field employees are similarly situated to plaintiff for purposes of sending notice of the collective action.  *Thiessen v. General Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001).

3

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties' joint motion to re-open the notice period (doc. 77) is **granted in part and denied in part**.  Specifically, the court hereby orders that:

(a)      The Notice Period shall be re-opened for a new sixty (60) day Notice Period for Notice to be sent to Putative Opt-In Plaintiffs that did not receive Notice previously authorized by this court;

(b)      The court approves the Parties' proposed Notice (attached as Exhibit D to the Joint Motion) as the form of Notice to be sent to the Putative Opt-In Plaintiffs that shall receive Notice pursuant to this Order;

(c)      Plaintiff shall send the Notice (attached as exhibit D to the Joint Motion) to the forty-two (42) current and former employees the Parties refer to as "travel employees" and the 175 current and former employees the parties refer to as "local field employees."

(d)      Plaintiff shall have thirty (30) days after the date of this Order to mail/email the Notice to the travel employees and local field employees; and

(e)      The statute of limitations for Putative Opt-In Plaintiffs who file a consent pursuant to this Order shall be tolled for a period of seven (7) months as if they received the initial December 18, 2020 Notice.

**IT IS SO ORDERED.**

Dated this 27th day of July, 2021, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge