IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Jesus Perez, Individually and**
**On Behalf of Himself and All Others**
**Similarly Situated,**

      Plaintiff,

v.                                         Case No. 19-2598-JWL

**Barrier Compliance Services, LLC,**

      Defendant.

## MEMORANDUM AND ORDER

Plaintiff filed this suit under the Fair Labor Standards Act ("FLSA") seeking a collective action under 29 U.S.C. § 216(b) on behalf of himself and all field employees who were employed by defendant at any point since October 2, 2016.  Plaintiff alleged that field employees were unlawfully denied overtime pay as a result of defendant's policy requiring off-the-clock work, through time shaving, automatic deductions for meal periods, time rounding, and time spent working away from jobsites.

In November 2020, the parties jointly moved for conditional certification and agreed on the form and substance of a Notice of Collective Action.  The court granted the motion and approved the Notice.  The Notice was sent to putative opt-ins in December 2020.  Subsequently, the court ordered that Notice be sent to additional putative opt-in plaintiffs.  Since that time, the parties have engaged in extensive discovery and mediation efforts.  Twenty-six (26) opt-in plaintiffs remain in the case.

In February 2023, the parties notified the court that they had reached a settlement of all claims. This matter is now before the court on the parties' joint motion to approve their collective action settlement (doc. 145), which the court construes as a motion for preliminary approval because notice of the settlement has not yet been sent to opt-in plaintiffs. Under the parties' settlement agreement, defendant will pay a total of $450,000 (the "settlement amount") in exchange for a release of claims. The settlement fund is to be allocated as follows: $232,634.00 in attorneys' fees and costs to Plaintiffs' counsel; a $5000 service award to Named Plaintiff; an additional $5000 to Named Plaintiff in exchange for a general release of all claims; and the remaining settlement amount allocated to all collective action members based on a formula set forth in the agreement.[1] The parties have also submitted their proposed Notice to collective action members, which explains where they can review the settlement agreement, sets forth the amount of the recipient's share of the settlement, and explains the release of claims. The Notice provides that opt-in plaintiffs may obtain their share of the settlement by submitting certain tax forms and the release of claims. The Notice further states that opt-in plaintiffs have the right to object to the settlement.

The court held a telephone conference with the parties on June 5, 2023 to discuss certain aspects of the motion. After consultation with the parties and consistent with that discussion, the

---

[1] The Named Plaintiff executed a representation agreement with counsel in which he agreed that counsel would be paid the larger of counsel's total fees billed at the hourly rate or a contingent fee of 35 percent of any amounts recovered. Plaintiff's counsel avers that their total hourly fees exceeded $320,000 and that they voluntarily reduced that amount to provide a higher distribution to the collective action members. At this juncture, the court is not opining on the reasonableness of the fee request.

court grants preliminary approval of the settlement subject to the submission of a revised notice as described more fully below.

First, the scope of the release for opt-in plaintiffs as set forth in the proposed "Notice of Settlement and Release of Claims" is not limited to the claims set forth in this case. *See Robinson v. Flowers Baking Co.*, 2017 WL 4037720, at *2 (D. Kan. Sept. 13, 2017) (FLSA release provision that covered claims "relating to compensation of any kind" was too broad and exceeded scope of claims asserted in lawsuit). In his complaint, plaintiff asserts damages stemming from off-the-clock work. But the proposed release goes far beyond those discrete claims to release any and all claims, whether known or unknown, "which concern or relate in any way to the payment of wages or bonuses or any other form of compensation" arising under the FLSA or any other federal, state or local law. *See id*. This release could potentially include pay discrimination claims and other types of claims beyond the FLSA claims at issue in this lawsuit. The parties are directed to revise the release language in the Notice to include a narrower release provision.[2]

Second, the proposed Notice is presently confusing as it relates to an opt-in plaintiff's share of the settlement and his or her corresponding "pro rata share of attorney's fees and litigation expenses" and is confusing in its explanation of how (and, more specifically, from what source) those fees and expenses will be paid. The parties must clarify in the Notice the amount of the fee award (either on an individual basis or collective basis) and must clarify that the fee award will

---

[2] While the language in the settlement agreement concerning the release of claims by opt-in plaintiffs tracks the language utilized in the Notice, the only release executed by the opt-in plaintiffs is contained in the Notice itself. The court, then, is not concerned about the release language in the settlement agreement as it pertains to opt-in plaintiffs. While the Named Plaintiff has signed the settlement agreement and a broader release contained therein, he has received additional consideration for that broader release.

3

be paid from the settlement amount. The Notice should also clarify that the settlement shares and fee awards are dependent on the court's approval of the settlement and the fee award (*e.g.*, "If the court approves the settlement agreement and the fee award in this case, then your share would be . . . ").

Lastly, the court requires the parties to make minor revisions to the Notice. The Notice should state that the court has "preliminarily" approved the settlement. The parties must clarify that plaintiffs who do not sign and return the requisite form will not receive their share of the settlement but also will not release any claims against defendant. The Notice should also advise opt-in plaintiffs that any objections will be forwarded to the court and that an opt-in plaintiff who files a written objection has the right to appear in person at a fairness hearing to object in person. The Notice should provide a date and time for the fairness hearing, which the court hereby sets for September 14, 2023 at 1:30pm. If no one submits a written objection to the proposed settlement, the court in all likelihood will vacate the setting for the fairness hearing and resolve the motion for final approval on the parties' written submissions.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the parties' joint motion to preliminarily approve FLSA collective action settlement (doc. 145) is **granted** subject to the parties submitting a revised notice to the court on or before **Tuesday, June 13, 2023.** Once the court receives the revised Notice, it will issue another order regarding issuing that Notice to the opt-in plaintiffs.

**IT IS FURTHER ORDERED BY THE COURT THAT** the court will conduct a final approval hearing on September 14, 2023 at 1:30pm.

**IT IS SO ORDERED.**

Dated this 6th day of June, 2023, at Kansas City, Kansas.

s/John W. Lungstrum
John W. Lungstrum
United States District Judge
